**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NEOLAYER LLC,<br>*Plaintiff,*<br>v.<br>ASUSTEK COMPUTER, INC.,<br>*Defendant.* | Case No. 2:25-cv-01260-JRG<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| NEOLAYER LLC,<br>*Plaintiff,*<br>v.<br>SAMSUNG ELECTRONICS CO., LTD, and SAMSUNG ELECTRONICS AMERICA, INC.,<br>*Defendants.* | Case No. 2:25-cv-01259-JRG<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

**SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO PLAINTIFF NEOLAYER LLC'S ORIGINAL COMPLAINT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Defendants" or "Samsung") respectfully submit this Answer to NeoLayer LLC's ("NeoLayer") Complaint ("Complaint") filed on December 31, 2025. Samsung denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs, which correspond to the numbered paragraphs in the Complaint.

**THE PARTIES**

1. Samsung lacks knowledge or information to form a belief as to the allegations of Paragraph 1, and on that basis denies them.

2. Samsung admits that SEC is a corporation organized under the laws of the Republic of Korea with its principal place of business at the stated address. Except as expressly admitted, SEC denies the remaining allegations of Paragraph 2.

3. Samsung admits that SEA is a corporation organized under the laws of the State of New York. SEA admits that it is registered to do business in the state of Texas and its registered agent for service of process in Texas is CT Corporation System. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 3.

4. Samsung admits that SEA is a wholly owned subsidiary of SEC and has an office in Plano, Texas. Samsung denies the remaining allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. Samsung does not contest that this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a). Samsung denies that NeoLayer is entitled to any relief for its allegations of patent infringement. Samsung further denies any infringement allegations.

6. Samsung does not contest personal jurisdiction solely for this action. To the extent Paragraph 6 of the Complaint states a legal conclusion, no response is required. Samsung denies all remaining allegations of Paragraph 6.

7. Samsung does not contest personal jurisdiction solely for this action. Samsung denies all remaining allegations of Paragraph 7.

8. Samsung does not contest personal jurisdiction solely for this action. However, Samsung denies that it has committed acts of infringement in the Eastern District of Texas or elsewhere, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint. To the extent Paragraph 8 of the Complaint states a legal conclusion, no response is required. Samsung denies the remaining allegations of Paragraph 8.

9. Samsung does not contest personal jurisdiction solely for this action. However, Samsung denies that it has committed acts of infringement in the Eastern District of Texas or elsewhere, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint. To the extent Paragraph 9 of the Complaint states a legal conclusion, no response is required. Samsung denies the remaining allegations of Paragraph 9.

10. To the extent Paragraph 10 of the Complaint states a legal conclusion, no response is required. Samsung does not contest, solely for the purposes of the present action, whether venue over them properly lies in this District. However, Samsung denies that venue in this District is convenient or most appropriate. Samsung denies that it has committed acts of infringement in the Eastern District of Texas or elsewhere, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint.

11. Samsung incorporates Paragraphs 9-10 above. Samsung admits that SEC is a foreign corporation.

12. Samsung incorporates Paragraphs 9-11 above. Samsung admits that SEA has an office in this District.

13. Samsung admits that Samsung has been a party to cases in this District. To the extent Paragraph 13 of the Complaint states legal conclusions, no response is required. Samsung denies the remaining allegations of Paragraph 13.

## THE ASSERTED PATENTS

14. Samsung admits that U.S. Patent No. 7,649,583 ("the '583 patent") is entitled "Semiconductor Structure and Fabricating Method Thereof for Liquid Crystal Display Device" and appears on its face to have been issued by the U.S. Patent and Trademark Office on January 19, 2010. Samsung admits that what purports to be a copy of the '583 patent was attached to the Complaint as Exhibit A. Samsung denies the remaining allegations of Paragraph 14.

15. Samsung admits that U.S. Patent No. 8,093,592 ("the '592 patent") is entitled "Thin Film Transistor Substrate, Electronic Apparatus, and Methods for Fabricating the Same" and appears on its face to have been issued by the U.S. Patent and Trademark Office on January 10, 2012. Samsung admits that what purports to be a copy of the '592 patent was attached to the Complaint as Exhibit B. Samsung denies the remaining allegations of Paragraph 15.

16. Samsung admits that U.S. Patent No. 8,698,712 ("the '712 patent") is entitled "Pixel Structure of Active Matrix Organic Electroluminescent Display Panel and Method of Making the Same" and appears on its face to have been issued by the U.S. Patent and Trademark Office on April 15, 2014. Samsung admits that what purports to be a copy of the '712 patent was attached to the Complaint as Exhibit C. Samsung denies the remaining allegations of Paragraph 16.

17. Samsung admits that U.S. Patent No. 8,330,358 ("the '358 patent") is entitled "OLED Illumination Device with Improved Aperture Ratio" and appears on its face to have been issued by the U.S. Patent and Trademark Office on December 11, 2012. Samsung admits that what purports to be a copy of the '358 patent was attached to the Complaint as Exhibit D. Samsung denies the remaining allegations of Paragraph 17.

18. Samsung admits that U.S. Patent No. 8,674,365 ("the '365 patent") is entitled "Array Substrate and Manufacturing Method Thereof" and appears on its face to have been issued by the U.S. Patent and Trademark Office on March 18, 2014. Samsung admits that what purports to be a copy of the '365 patent was attached to the Complaint as Exhibit E. Samsung denies the remaining allegations of Paragraph 18.

19. Samsung admits that U.S. Patent No. 11,088,129 ("the '129 patent") is entitled "Display Apparatus" and appears on its face to have been issued by the U.S. Patent and Trademark

Office on August 10, 2021. Samsung admits that what purports to be a copy of the '129 patent was attached to the Complaint as Exhibit F. Samsung denies the remaining allegations of Paragraph 19.

20. To the extent Paragraph 20 of the Complaint states legal conclusions, no response is required. Samsung otherwise denies the allegations of Paragraph 20.

21. To the extent Paragraph 21 of the Complaint states legal conclusions, no response is required. Samsung otherwise lacks knowledge or information to form a belief as to the allegations in Paragraph 21 and therefore denies them.

**FACTUAL BACKGROUND**

22. Samsung admits that, in general terms, organic light emitting diode ("OLED") technology may include organic and non-organic layers. Samsung denies any remaining allegations in Paragraph 22 to the extent they are inaccurate, incomplete, misleading, purport to describe Samsung's specific products, or imply infringement of any asserted patent.

23. Samsung admits that, in general terms, applying a voltage across an OLED can result in the emission of light. Samsung further admits that the color of light emitted by an OLED may depend on the materials in the emissive layer. Samsung denies any remaining allegations in Paragraph 23 to the extent they are inaccurate, incomplete, constitute legal conclusions, characterize Defendant's products, or imply infringement of any asserted patent.

24. Samsung admits that OLED panels may include individual OLEDs and that OLED panels are used in certain electronic devices, including some smartphones, televisions, and other display-containing products. Samsung denies any remaining allegations in Paragraph 24, including any allegations regarding consumer demand, comparative performance, market preference, or any implication that such allegations are relevant to infringement, validity, or damages.

25. Samsung admits that some OLED devices may include active-matrix OLED ("AMOLED") panels and that certain AMOLED panels use thin-film transistors ("TFTs") and capacitors. Samsung further admits that different types of TFTs exist. Samsung denies any remaining allegations in Paragraph 25, including any allegations to the extent they describe Samsung's specific products, designs, or manufacturing processes, or imply infringement of any asserted patent.

26. Samsung denies the allegations of Paragraph 26 of the Complaint.

27. Samsung admits that it offers products including TVs, laptops, smartphones, computer monitors, and VR headsets. Samsung denies the remaining allegations of Paragraph 27 of the Complaint.

28. Samsung admits the Complaint correctly quotes the cited websites. Samsung denies the remaining allegations of Paragraph 28 of the Complaint.

29. Samsung admits that the United Kingdom version of Samsung's website cited in Paragraph 29 references types of OLED technologies. Samsung denies the remaining allegations of Paragraph 29 of the Complaint.

30. Samsung denies the allegations of Paragraph 30.

31. Samsung denies that Plaintiff's Complaint has properly accused any Samsung products and therefore denies the allegations in Paragraph 31 of the Complaint.

32. Samsung does not contend to be an owner of the Asserted Patents. Samsung does not require a license for the Asserted Patents because it does not infringe. Samsung denies the remaining allegations in Paragraph 32 of the Complaint.

33. Samsung denies the allegations in Paragraph 33 of the Complaint.

34. To the extent Paragraph 34 of the Complaint states a legal conclusion, no response is required. Samsung otherwise denies the allegations in Paragraph 34 of the Complaint.

**COUNT I: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO 7,649,583 ("'583 PATENT")**

35. Samsung incorporates Paragraphs 1–34 above; Samsung otherwise denies the allegations in Paragraph 35 of the Complaint.

36. Samsung denies the allegations in Paragraph 36 of the Complaint.

37. Samsung denies the allegations in Paragraph 37 of the Complaint.

38. Samsung denies the allegations in Paragraph 38 of the Complaint.

39. Samsung denies the allegations in Paragraph 39 of the Complaint.

40. Samsung denies the allegations in Paragraph 40 of the Complaint.

41. Samsung denies the allegations in Paragraph 41 of the Complaint.

42. Samsung denies the allegations in Paragraph 42 of the Complaint.

43. Samsung denies the allegations in Paragraph 43 of the Complaint.

44. Samsung denies the allegations in Paragraph 44 of the Complaint.

45. Samsung denies the allegations in Paragraph 45 of the Complaint.

46. Samsung denies the allegations in Paragraph 46 of the Complaint.

47. Samsung denies the allegations in Paragraph 47 of the Complaint.

48. Samsung denies the allegations in Paragraph 48 of the Complaint.

49. Samsung denies the allegations in Paragraph 49 of the Complaint.

50. Samsung denies the allegations in Paragraph 50 of the Complaint.

51. Samsung denies the allegations in Paragraph 51 of the Complaint.

52. Samsung denies the allegations in Paragraph 52 of the Complaint.

53. Samsung denies the allegations in Paragraph 53 of the Complaint.

54. Samsung denies the allegations in Paragraph 54 of the Complaint.

55. To the extent Paragraph 55 of the Complaint states legal conclusions, no response is required. To the extent a response is required, Samsung denies the remaining allegations in Paragraph 55 of the Complaint.

**COUNT II: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO 8,093,592 ("'592 PATENT")**

56. Samsung incorporates Paragraphs 1–55 above; Samsung otherwise denies the allegations in Paragraph 56 of the Complaint.

57. Samsung denies the allegations in Paragraph 57 of the Complaint.

58. Samsung denies the allegations in Paragraph 58 of the Complaint.

59. Samsung denies the allegations in Paragraph 59 of the Complaint.

60. Samsung denies the allegations in Paragraph 60 of the Complaint.

61. Samsung denies the allegations in Paragraph 61 of the Complaint.

62. Samsung denies the allegations in Paragraph 62 of the Complaint.

63. Samsung denies the allegations in Paragraph 63 of the Complaint.

64. Samsung denies the allegations in Paragraph 64 of the Complaint.

65. Samsung denies the allegations in Paragraph 65 of the Complaint.

66. Samsung denies the allegations in Paragraph 66 of the Complaint.

67. Samsung denies the allegations in Paragraph 67 of the Complaint.

68. Samsung denies the allegations in Paragraph 68 of the Complaint.

**COUNT III: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,698,712 ("'712 PATENT")**

69. Samsung denies the allegations in Paragraph 69 of the Complaint.

70. Samsung denies the allegations in Paragraph 70 of the Complaint.

71. Samsung denies the allegations in Paragraph 71 of the Complaint.

72. Samsung denies the allegations in Paragraph 72 of the Complaint.

73. Samsung denies the allegations in Paragraph 73 of the Complaint.

74. Samsung denies the allegations in Paragraph 74 of the Complaint.

75. Samsung denies the allegations in Paragraph 75 of the Complaint.

76. Samsung denies the allegations in Paragraph 76 of the Complaint.

77. Samsung denies the allegations in Paragraph 77 of the Complaint.

78. Samsung denies the allegations in Paragraph 78 of the Complaint.

79. Samsung denies the allegations in Paragraph 79 of the Complaint.

## COUNT IV: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,330,358 ("'358 PATENT")

80. Samsung denies the allegations in Paragraph 80 of the Complaint.

81. Samsung denies the allegations in Paragraph 81 of the Complaint.

82. Samsung denies the allegations in Paragraph 82 of the Complaint.

83. Samsung denies the allegations in Paragraph 83 of the Complaint.

84. Samsung denies the allegations in Paragraph 84 of the Complaint.

85. Samsung denies the allegations in Paragraph 85 of the Complaint.

86. Samsung denies the allegations in Paragraph 86 of the Complaint.

87. Samsung denies the allegations in Paragraph 87 of the Complaint.

88. Samsung denies the allegations in Paragraph 88 of the Complaint.

89. Samsung denies the allegations in Paragraph 89 of the Complaint.

90. Samsung denies the allegations in Paragraph 90 of the Complaint.

91. Samsung denies the allegations in Paragraph 91 of the Complaint.

92. Samsung denies the allegations in Paragraph 92 of the Complaint.

93. Samsung denies the allegations in Paragraph 93 of the Complaint.

## COUNT V: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,674,365 ("'365 PATENT")

94. Samsung denies the allegations in Paragraph 94 of the Complaint.

95. Samsung denies the allegations in Paragraph 95 of the Complaint.

96. Samsung denies the allegations in Paragraph 96 of the Complaint.

97. Samsung denies the allegations in Paragraph 97 of the Complaint.

98. Samsung denies the allegations in Paragraph 98 of the Complaint.

99. Samsung denies the allegations in Paragraph 99 of the Complaint.

100. Samsung denies the allegations in Paragraph 100 of the Complaint.

101. Samsung denies the allegations in Paragraph 101 of the Complaint.

102. Samsung denies the allegations in Paragraph 102 of the Complaint.

103. Samsung denies the allegations in Paragraph 103 of the Complaint.

104. Samsung denies the allegations in Paragraph 104 of the Complaint.

105. Samsung denies the allegations in Paragraph 105 of the Complaint.

106. Samsung denies the allegations in Paragraph 106 of the Complaint.

107. Samsung denies the allegations in Paragraph 107 of the Complaint.

108. Samsung denies the allegations in Paragraph 108 of the Complaint.

## COUNT VI: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 11,088,129 ("'129 PATENT")

109. Samsung denies the allegations in Paragraph 109 of the Complaint.

110. Samsung denies the allegations in Paragraph 110 of the Complaint.

111. Samsung denies the allegations in Paragraph 111 of the Complaint.

112. Samsung denies the allegations in Paragraph 112 of the Complaint.

113. Samsung denies the allegations in Paragraph 113 of the Complaint.

114. Samsung denies the allegations in Paragraph 114 of the Complaint.

115. Samsung denies the allegations in Paragraph 115 of the Complaint.

116. Samsung denies the allegations in Paragraph 116 of the Complaint.

117. Samsung denies the allegations in Paragraph 117 of the Complaint.

118. Samsung denies the allegations in Paragraph 118 of the Complaint.

119. Samsung denies the allegations in Paragraph 119 of the Complaint.

120. Samsung denies the allegations in Paragraph 120 of the Complaint.

121. Samsung denies the allegations in Paragraph 121 of the Complaint.

122. Samsung denies the allegations in Paragraph 122 of the Complaint.

123. Samsung denies the allegations in Paragraph 123 of the Complaint.

## JURY DEMAND

124. To the extent a response is required, Samsung admits NeoLayer's Complaint requests a jury trial.

## PRAYER

Samsung denies that NeoLayer is entitled to any of the relief it seeks in its Complaint.

## GENERAL DENIAL

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Samsung denies them.

## SAMSUNG'S ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Samsung, without waiver, limitation, or prejudice, hereby asserts the affirmative or other defenses listed below. Samsung reserves the right to amend this Answer to add additional defenses, including allegations of inequitable conduct, and/or any other defenses currently unknown to Samsung, as they become known throughout the course of discovery. Assertion of a defense is not a concession that Samsung has the burden of proving the matter asserted.

**FIRST ADDITIONAL DEFENSE**
**(Non-Infringement)**

Samsung does not and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid and enforceable claim of the Asserted Patents, either literally or under the Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

**SECOND ADDITIONAL DEFENSE**
**(Invalidity)**

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

One or more claims of the ’592 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the ’583 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the ’712 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the ’358 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the ’365 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the ’129 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101, et seq., including §§ 101, 102, 103, and/or 112.

**THIRD ADDITIONAL DEFENSE**
**(Equitable Doctrines)**

NeoLayer’s attempted enforcement of the Asserted Patents against Samsung is barred by laches, equitable estoppel, waiver, acquiescence, and/or unclean hands.

**FOURTH ADDITIONAL DEFENSE**
**(Prosecution History Estoppel and/or Disclaimer)**

NeoLayer’s claims are barred by the doctrine(s) of prosecution history estoppel and/or disclaimer based on statements, representations, and/or admissions made during prosecution of the patent applications resulting in the Asserted Patents.

**FIFTH ADDITIONAL DEFENSE**
**(Notice, Damages, Marking, and Costs)**

NeoLayer’s claims for damages are statutorily limited or wholly barred under 35 U.S.C. §§ 286 or 287. NeoLayer did not provide notice (actual or constructive) of the Asserted Patents, or alleged infringement thereof, to Samsung until the filing of its original Complaint. On information and belief, by that time, the Asserted Patents had been licensed to numerous third parties which failed to mark purported patent-practicing products with the Asserted Patents.

**SIXTH ADDITIONAL DEFENSE**
**(Covenant Not to Sue, License, and/or Estoppel)**

NeoLayer’s claims are barred to the extent the alleged infringement is licensed, either expressly or impliedly, or otherwise authorized. Moreover, NeoLayer’s claims are barred to the

extent it entered an agreement providing Samsung the protection of a covenant not to sue, to the extent Samsung is licensed (via an express or implied license), and/or to the extent any other agreement (contractual or otherwise) legally estops NeoLayer from bringing this lawsuit against Samsung.

**SEVENTH ADDITIONAL DEFENSE**
**(Failure to State a Claim)**

NeoLayer's Complaint fails to state a claim upon which relief can be granted.

**EIGHTH ADDITIONAL DEFENSE**
**(No Standing)**

NeoLayer's claims are barred to the extent NeoLayer lacks standing to bring this suit.

**NINTH ADDITIONAL DEFENSE**
**(Prosecution Laches)**

NeoLayer's attempted enforcement of the Asserted Patents against Samsung is barred by prosecution laches.

**RESERVATION OF ADDITIONAL DEFENSES**

Samsung has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert additional defenses that may surface throughout the course of this action. Samsung reserves the right to amend, or seek to amend, its answer, including its affirmative and other defenses.

**DEMAND FOR JURY TRIAL**

Defendants demand a jury trial on all issues that may be so tried.

**PRAYER FOR RELIEF**

WHEREFORE, Samsung respectfully prays that this Court enter judgment in Samsung's favor against NeoLayer and requests the following relief.

A. A complete denial of NeoLayer's requests for damages, costs, expenses, injunction, and any other form of relief;

B. Dismissal with prejudice of all claims in NeoLayer's Complaint against Samsung;

C. A permanent injunction restraining NeoLayer and its respective officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from charging, suing or threatening, orally or in writing, that any of the Asserted Patents have been infringed by Samsung under any subsection of 35 U.S.C. §§ 271 or 281;

D. A declaration that this is an exceptional case under 35 U.S.C. § 285 and awarding to Samsung its reasonable costs and expenses of litigation, including but not limited to attorneys' fees and expert witness fees;

E. An award to Samsung of its costs and disbursements in defending in this action brought by NeoLayer; and

F. An award to Samsung of any and all further relief as this Court may deem just and proper.

Dated: April 27, 2026 Respectfully Submitted,

*<u>/s/ Benjamin K. Thompson</u>*
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
Elizabeth DeToro (*pro hac vice* forthcoming)
DC Bar No. 90018514
detoro@fr.com
Woohyeong Cho
DC Bar No. 1697343 (*pro hac vice* forthcoming)

cho@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070

Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Steffen C. Lake
GA Bar No. 512272
lake@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

*ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD, AND SAMSUNG ELECTRONICS AMERICA, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 27, 2026 As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court’s CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Benjamin K. Thompson*
Benjamin K. Thompson